**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-18-47-SLP |
| ) | |
| RODOLFO IVAN SOTELO-TENA, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's pro se Motion for Sentence Reduction [Doc. No. 1622]. Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and 18 U.S.C. § 3624(b). The Government has filed a Response [Doc. No. 1631] in opposition, and a Supplemental Response [Doc. No. 1653] at the Court's direction. Defendant did not file a Reply, and the time to do so has passed. *See* [Doc. No. 1643]. The Court has further reviewed the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 [Doc. No. 1624]. For the reasons that follow, Defendant's Motion is DISMISSED.

**I.   Background**

On January 25, 2019, Defendant pleaded guilty to one count of conspiracy to possess with intent to distribute and distribute methamphetamine. *See* [Doc. Nos. 708, 724–729]. On July 26, 2019, the United States Probation Office filed its Final Presentence Investigation Report (PSR) [Doc. No. 1092].

The PSR calculated a base offense level of 38, plus (1) a two-level increase because

firearms were possessed in connection with the drugs; (2) a two-level increase because the methamphetamine was imported, and a mitigating role adjustment was not warranted; (3) a two-level increase because Defendant maintained two premises for the purpose of storing and distributing the drugs; and (4) a three-level enhancement for defendant's role as a manager or supervisor.  [Doc. No. 1046] ¶¶ 50–55.  After applying a three-level reduction for acceptance of responsibility to the adjusted offense level, the PSR calculated a total offense level of 43.  *Id.* ¶¶ 59–61.

The PSR calculated a total criminal history score of zero for Defendant, placing him in a criminal history category of I.  *Id*. ¶¶ 65–66.  Combining Defendant's total offense level of 43 and criminal history category of I, the PSR calculated a guideline imprisonment range of life.  *Id*. ¶ 98.

On October 7, 2020, the Court adopted the PSR without change and sentenced Defendant to 156 months' imprisonment.  [Doc. Nos. 1507, 1508].

On August 24, 2023, Defendant signed a verification of consent expressing his agreement for the execution of the remainder of his sentence to be transferred to Mexico pursuant to the International Prisoner Transfer Program.  *See In re Treaty Transfer*, No. 3:23-mc-00306-ATB (W.D. Tex. Aug. 24, 2023).  He was subsequently transferred to Mexico to serve the remainder of his sentence.  *See* [Doc. No. 1653-1] at 1, 3.

On May 1, 2024, Defendant filed the pending Motion.  He seeks a reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.).  He also seeks a reduction on the basis that he has not been awarded all of the First Step Act ("FSA") credits to which he is entitled.  On October

1, 2024, Defendant requested additional time to file a reply in support of his Motion. [Doc. No. 1648]. The Court granted that request and gave Defendant until December 20, 2024 to "file a reply addressing the Government's Response [Doc. No. 1631] and Supplemental Response [Doc. No. 1653]." [Doc. No. 1654]. Defendant did not timely file a reply.[1]

## II. Analysis

### a. *Section 3582(c)(2)*

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). The Court may reduce the sentence of a defendant "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

Here, Defendant seeks a sentence reduction pursuant to Amendment 821 to the

---

[1] The Court notes that its October 21 Order was returned as undeliverable. *See* [Doc. No. 1684]. Defendant did not file a notice of change of address and, because of the treaty transfer, the BOP's website does not reflect his current place of incarceration.

U.S.S.G. which took effect on November 1, 2023, and applies retroactively. Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023). With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in his offense level if he or she meets all ten of the listed criteria.[2]

Defendant did not receive any status points for committing the offense while under a criminal justice sentence. And although Defendant has zero criminal history points, he is not eligible as a zero-point offender because he fails to meet all ten eligibility criteria. Specifically, Defendant fails to meet U.S.S.G. §4C1.1(a)(10) because he received a two-

---

[2] Those ten criteria are:
>  (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>  (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
>  (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>  (4) the offense did not result in death or serious bodily injury;
>  (5) the instant offense of conviction is not a sex offense;
>  (6) the defendant did not personally cause substantial financial hardship;
>  (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>  (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
>  (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>  (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . .

U.S.S.G. § 4C1.1(a).

point enhancement under U.S.S.G. §3B1.1(b) for his role in the offense. *See* [Doc. No. 1046] ¶ 40. A sentence reduction, therefore, is not authorized under Amendment 821. Because the Court lacks jurisdiction to reduce Defendant's sentence pursuant to § 3582(c)(2), this part of his Motion is DISMISSED. *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion.").

### b. *FSA Credits*

Defendant also argues he has not received all of the credits that he is due under the FSA because of his transfer to Mexico. *See* [Doc. No. 1622-1]. The Government opposes this portion of the Motion, arguing the Court lacks jurisdiction to grant the requested relief.[3] As comprehensively set forth in the Government's Supplemental Response, Defendant can only raise a challenge about the failure to award FSA credits in a motion pursuant to 28 U.S.C. § 2241. *See* [Doc. No. 1653] at 4–6. But "[j]udicial review of a § 2241 petition must be sought in the district where a prisoner is confined at the time of filing the petition rather than in the district where a prisoner is convicted and sentenced." *McBee v. Lewis*, 166 F. App'x 360, 362 (10th Cir. 2006) (citing *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000)). Defendant was incarcerated in Mexico at the time he filed his Petition, so the Court cannot grant the relief sought, even if it construes Defendant's Motion as a § 2241 petition. Because the Court lacks jurisdiction, this portion of the Motion is

---

[3] The Government also argues that Defendant already received all of the FSA credits he seeks prior to his transfer. *See* [Doc. No. 1653-2] at 1. Although it appears the Government is correct, the Court need not reach this argument.

DISMISSED.

### III.  Conclusion

IT IS THEREFORE ORDERED that Defendant's pro se Motion for Reduction of Sentence [Doc. No. 1622] is DISMISSED.

IT IS SO ORDERED this 21st day of March, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE